UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDAL ROSADO,

    Plaintiff,

v.                                       Case No: 2:17-cv-195-FtM-99MRM

ROBERT NICHOLS, ROBERT DENIS FOLEY, III , Lee County State Attorney, LEE COUNTY STATE ATTORNEY, CHARLES J.F. SCHREIBER, JR. , THOMAS S. REESE, JOHN E. DURYEA, JR. , ST. LUCIE COUNTY SHERIFF'S OFFICE, ANDREW BOLONKA, INDIAN RIVER COUNTY SHERIFF'S OFFICE, SCOTT PROUDY, ST. LUCIE COUNTY STATE ATTORNEY, EDWARD W. ARENS, FLORIDA OFFICE OF FINANCIAL REGULATION, SABRINA LOLO, and FORT MYERS BROADCASTING COMPANY,

    Defendants.

---

## **ORDER TO AMEND**

This matter comes before the Court upon civil rights complaint filed by Randal Rosado ("Plaintiff"), an inmate at the Lee County Jail in Fort Myers, Florida (Doc. 1, filed February 2, 2017). Plaintiff initially filed his action in the Southern District of Florida, and it was transferred to this Court on April 12, 2017 (Doc. 13). Because Plaintiff proceeds *in forma pauperis*, this Court must review his complaint to determine whether it is

frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

Because Plaintiff did not file his complaint on the proper civil rights complaint form, and because he has not adequately stated any constitutional claims, Plaintiff will be required to file an amended complaint should he wish to proceed with this action.

**I.  Complaint**

Plaintiff asserts that, based upon information received from an informant, Defendant Lee County State Attorney, Defendant Robert Nichols, and Defendant Robert Foley began investigating Plaintiff, which lead to his arrest in New York on June 28, 2016 (Doc. 1 at ¶ 24). Plaintiff asserts that his phones were unlawfully tapped and that his residence in New York was unlawfully searched. Id. at ¶¶ 25-26. He asserts that Defendants Nichols and Foley used information obtained from the allegedly unlawful searches to slander Plaintiff's reputation to Attorney Joshua Hauserman. Id. at ¶ 27. Plaintiff asserts that he was arrested and charged with fifteen felony counts as a result of the unlawful searches. Id. at ¶ 29. Thereafter, he was charged with nine additional counts in St. Lucie County, Florida. Id. at ¶ 30.

Plaintiff asserts that Defendant State Attorney Schreiber slandered him in a verified complaint that was filed in the Second Judicial Circuit for Leon County, Florida (Doc. 1 at ¶ 32).

Defendant Reese further slandered Petitioner by restating allegations from the verified complaint. Id. at ¶ 36. Plaintiff asserts that various news outlets published defamatory reports of his arrest. Id. at ¶ 37-46.

Plaintiff asserts that he has suffered mental anguish and embarrassment as a result of the defendants' actions (Doc. 1 at ¶ 47). He raises claims under 42 U.S.C. § 1983, 18 U.S.C. §§ 241 and 242, and 28 U.S.C. § 4101. He seeks compensatory damages, punitive damages, and other relief (Doc. 1 at 10).

## II. Legal Standards

A federal district court is required to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
>     (A)  the allegation of poverty is untrue; or
>
>     (B)  the action or appeal-
>
>         (i)    is frivolous or malicious;
>
>         (ii)   fails to state a claim on which relief may be granted; or

> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

In the case of a pro se action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nevertheless, pro se litigants are not exempt from complying with the requirements of the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants

are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380-1381 (11th Cir. 1982).

### a. **Plaintiff cannot receive compensatory or punitive damages in this action for the embarrassment of a wrongful arrest**

Plaintiff seeks monetary and punitive damages against the defendants (Doc. 1 at 10). Plaintiff was confined at the Lee County Jail when he filed this action. However, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered

while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has interpreted this provision to mean that the PLRA forbids the litigation, during a prisoner plaintiff's period of incarceration, of a lawsuit challenging a prior arrest and seeking damages for emotional injury therefrom, with no allegation of physical injury. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002) ("The embarrassment or emotional harm caused by [a] mistaken arrest occur[s], at the earlier, when [the plaintiff is] arrested—or, using the Miranda construct, at the moment that a reasonable person in his situation would feel unable to leave. Because the harm complained of by Napier occurred while he was in custody, the PLRA applies to his claim[.]"). Likewise, Plaintiff seeks damages for the embarrassment caused by his wrongful arrest; however, these damages accrued, at the earliest, the moment he was arrested.

The Eleventh Circuit has addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." Napier, 314 F. 3d at 532 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). The instant § 1983 action is a "Federal civil action" under this definition. Further, it is undisputed that Plaintiff filed his complaint while imprisoned, and that his Fourth Amendment claims fall under the purview of § 1997e(e). See Heck v. Humphrey, 512 U.S. 477, 487 n.7

(1994) ("In order to recover compensatory damages . . . the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, . . . which, we hold today, does not encompass the "injury" of being convicted and imprisoned[.]").  Plaintiff seeks damages for the distress and mental injuries he suffered as a result of the defendants' conduct in effectuating his arrest.  However, he alleges no physical injury.  Accordingly, Plaintiff's claims for compensatory and punitive damages due to the mental anguish caused by a wrongful arrest must be dismissed with prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).[1]

### b. Plaintiff cannot petition this Court to initiate criminal proceedings against any party

Plaintiff attempts to raise claims under 18 U.S.C. §§ 241 and 242 (Doc. 1 at 8-9).  These are criminal statutes that do not give

---

[1] If Plaintiff can demonstrate a constitutional injury associated with the allegedly wrongful arrest and seeks only nominal damages of one dollar, he is not barred under § 1997e(e). See Hughes v. Lott, 350 F.3d 1157 (11th Cir. 2003) (concluding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages—generally of one dollar); Nix v. Carter, Case No. 5:10-cv-256 (CAR), 2013 WL 432566, at *2 (M.D. Ga. Feb. 1, 2013) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.") (citing Hughes, 350 F.3d at 1162); Carey v. Piphus, 435 U.S. 247, 266-67 (1978) (if plaintiffs were entitled to nominal damages, the damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury.").

rise to a private right of action. See, e.g., Kelly v. Rockefeller, 69 F. App'x 414, 415–16 (10th Cir. 2003) (no private right of action under §§ 241 or 245); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action under §§ 241 and 242). "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." Ellen v. Stamm, 951 F.2d 359 (9th Cir. 1991); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, any claims raised under 18 U.S.C. §§ 241 or 242 are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

> **c. Plaintiff cannot sue the St. Lucie County Sheriff's Office or the Indian River County Sheriff's Office under 42 U.S.C. § 1983**

The St. Lucie County Sheriff's Office and the Indian River County Sheriff's Office are not legal entities capable of being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992).[2] To the extent that a plaintiff seeks to assess liability against a

---

[2] The Court notes that a suit against the Indian River Sheriff's Office is properly brought in the District Court for the Southern District of Florida. However, because the claims against this entity are improper and because Plaintiff is directed to omit this entity from any amended complaint, the Court will not transfer the instant claims against the Indian River Sheriff's Department to the Southern District of Florida.

governmental entity in Florida, he is required to bring an action against the name of the individual who holds the office responsible for the individual's alleged wrong-doing. Even if the Court liberally construes the complaint as properly naming the Sheriffs of the counties (as opposed to the Sheriff's Offices), these defendants must still be dismissed. It is clear from the allegations in the complaint that the Sheriffs did not in any way directly participate in the alleged constitutional violations. Plaintiff attempts to attribute liability against the Sheriffs (or the Sheriff's Offices) solely on the basis of their supervisory positions, and that, without more, does not subject them to liability. Mondell v. Dept. of Soc. Servs., 436 U.S. 658, 690–692 (1978); McDowell v. Brown, 392 F.3d 1283 (11th Cir. 2004); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993). Nor does Plaintiff's complaint contain any allegations of a policy, custom or practice that was the "moving force" behind the alleged misconduct so as to render the Sheriffs liable in their official capacities. Board of County Comm'rs v. Brown, 520 U.S. 397 (1997); see also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. State, 111 F. Supp. 2d 1326 (S.D. Fla. 2000).

Accordingly, all claims against the St. Lucie County Sheriff's Office and the Indian River County Sheriff's Office are dismissed. Likewise, Plaintiff has not stated a claims against the Sheriffs of St. Lucie County or Indian River County.

**d.   Plaintiff cannot sue the state prosecutors for their actions while performing prosecutorial duties**

The United States Supreme Court has held that a prosecutor is absolutely immune from a § 1983 suit for damages while acting within the scope of his or her prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 425 (1976). The Supreme Court pointed out that without absolute immunity, such actions "could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the attribution of improper and malicious actions to the State's advocate." Id. at 425. "[I]f the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be directed from the pressing duty of enforcing the criminal law." Id. The Imbler Court recognized that a prosecutor's immunity extends to actions preliminary to the initiation of a prosecution as well as actions apart from the courtroom:

> A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues. These include questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present. Preparation both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence.

Imbler, 424 U.S. at 431.  The Supreme Court emphasized that it is the interest in protecting the functioning of the prosecutor's office, not its occupant, which is of primary importance.  In Imbler, the Court did not define the outer limits of the prosecutor's absolute immunity, but it did recognize that some official activities would not be encompassed, such as "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than an advocate."  Id. at 430-31.  In Kalina v. Fletcher, 522 U.S. 118 (1997), the Supreme Court held that a prosecutor's actions in preparing charging documents, such as an information and a motion for an arrest warrant, were protected by absolute immunity.

Because Plaintiff's complaint is generally rambling and incoherent, it is impossible for this Court to discern precisely what unconstitutional actions the prosecuting attorneys are alleged to have taken other than to prosecute Plaintiff based on information provided by a confidential informant.  To the extent Plaintiff raises claims relating to any of the prosecutors' actions surrounding the initiation of criminal charges against him or otherwise performing traditional prosecutorial functions, the claims are dismissed with prejudice.  See Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.").

**d. Plaintiff's claims for defamation are barred by Heck v. Humphrey[3]**

Plaintiff appears to attempt to raise defamation claims against numerous state attorneys and media outlets based upon the charges filed against him and the media's reporting of those charges. Under Heck v. Humphrey, if a judgment in favor of Plaintiff on his § 1983 complaint "would necessarily imply the invalidity of his conviction or sentence," the district court must dismiss the complaint unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. Plaintiff's conviction or sentence has not been invalidated because he is a pretrial detainee. However, the rule of Heck v. Humphrey "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." Wiley v. City of Chicago, 361 F.3d 994, 996(7th Cir. 2004) (citing Gonzalez v. Entress, 133 F.3d 551, 553 (7th Cir. 1998)). In other

---

[3] Plaintiff asserts that he brings defamation claims pursuant to 28 U.S.C. § 4101 (Doc. 1 at 9). This statute does not set forth a cause of action. Rather, § 4101 defines "defamation" in terms of HR 2765, the "Speech Act" (28 U.S.C. §§ 4101-4105), which protects a citizen from a foreign defamation judgment unless: (1) the judgment satisfies First Amendment protections; and (2) the foreign court that entered the judgment had jurisdiction that comports with American due process requirements. Plaintiff does not attempt to enforce a foreign judgment, and any cause of action purportedly based on § 4101 is dismissed with prejudice. However, the Court will briefly discuss any potential state-law defamation claims that Plaintiff may attempt to raise. Siegert v. Gilley, 500 U.S. 226, 233(1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

words, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action is barred under Heck.

In order to prevail on a defamation claim, Plaintiff would have to prove that the statements at issue made by the defendants were untrue. See Delmonico v. Traynor, 116 So. 3d 1205, 1220 (Fla. 2013) (in order to support a defamation claim, the plaintiff must establish that the defamatory statements were false and uttered with express malice). Viewing all of the allegations in Plaintiff's complaint as true, a judgment in his favor on the defamation claims would necessarily imply that his arrest was invalid and that the charges against him must be dropped. Accordingly, the claims are barred by Heck v. Humphrey, and Plaintiff's defamation claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### e. **Plaintiff's construed claims for malicious prosecution are premature**

As noted, Plaintiff's complaint makes conclusory assertions that his civil rights were violated without providing sufficient factual detail to state a claim. Generally, Plaintiff appears to attempt an attack on the state's criminal charges against him through this civil action without even stating the specific claims he attempts to bring. To the extent Plaintiff wishes to bring a malicious prosecution claim, it is premature.

A federal malicious prosecution claim under § 1983 has three components. First, a plaintiff must allege the elements of a state common law malicious prosecution claim. Second, a plaintiff must allege a violation of his Fourth Amendment right to be free from unreasonable seizures. Third, a plaintiff must allege that the unlawful seizure was in relation to the prosecution. <u>Eloy v. Guillot</u>, 289 F. App'x 339, 345 (11th Cir. 2008).

Under Florida law, a plaintiff must establish six elements in order to support a malicious prosecution claim: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. <u>Kingsland v. City of Miami</u>, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing <u>Durkin v. Davis</u>, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002)).

In the instant case, there has been no bona fide termination of the proceedings in Plaintiff's favor; therefore, Plaintiff's

malicious prosecution claims are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### f. Plaintiff's amended complaint must comply with the Federal Rules of Civil Procedure

Plaintiff may file an amended complaint seeking only nominal damages of one dollar if he believes he can state a claim against the defendants that complies with this Order. As directed on the instructions for filing a civil rights complaint by prisoners accompanying the Civil Rights Complaint Form, Plaintiff must place his full name in the style of the case on the first page of the Civil Rights Complaint Form. Plaintiff should also write his current address and provide the full name and current address for each defendant on page three and page four, if necessary, on the Complaint. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

A plaintiff may set forth only related claims in one civil rights complaint. Pursuant to Federal Rule of Civil Procedure

---

[4] Because a Fourth Amendment claim is not always precluded by Heck v. Humphrey, and because the claims are dismissed as premature, the Court will not discuss whether Plaintiff's malicious prosecution claims are also barred under Heck.

20(a), a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Id. As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." <u>Construct Aggregates, Ltd. v. Forest Commodities Corp.</u>, 147 F. 3d 1334, 1337 (11th Cir. 1998). Moreover, as the Seventh Circuit stated in <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees. . . . A buckshot complaint that would be rejected if filed by a free person-say, a suit complaining that A defrauded [him], B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions-should be rejected if filed by a prisoner." <u>See also</u> <u>Smith v. Conner</u>, Case No. 8:12-cv-52-T-30AEP, 2012 WL 1676643 *1 (M.D. Fla. May 14, 2012) (citing <u>George</u>, 507 F.3d at 607, in a case where a prisoner plaintiff's complaint raised unrelated claims ranging from unreasonable search and seizure to an interference with access to court). Thus, Plaintiff may file multiple claims in his amended complaint only if the claims are directly related to the same basic

issue or incident. Claims that are unrelated must be raised in separate actions.

In filing an amended complaint, Plaintiff shall not set forth the "facts" in a narrative chronology, but instead put the facts in sequentially numbered paragraphs. Rule 10, Federal Rules of Civil Procedure, requires that all averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Id. Additionally, Rule 8 requires that **pleadings include a short and plain statement of facts** showing that the pleader is entitled to relief. Id. In filing his Amended Complaint, Plaintiff is required to comply with these minimal pleading standards.

Plaintiff must name as defendants only those persons who are responsible for the particular alleged constitutional violations. Further, Plaintiff should clearly describe **how each named defendant** is involved in the alleged constitutional violation(s) in the body of the complaint. Although the complaint need not set forth detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions" and the factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, the factual allegations must be sufficient "to state a claim to relief that is plausible on its face." Id. at 570. Mere conclusory statements in support of a threadbare recital of the

elements of a cause of action will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." Id.

Plaintiff is reminded that it is well established that government agents are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When considering a plaintiff's claim against a government actor in his or her individual capacity, the Court generally first determines whether plaintiff's allegations, if true, establish a constitutional violation. Hope, 536 U.S. at 736. To state a plausible claim for relief, the facts alleged by the Plaintiff must contain sufficient allegations to show that the individual defendant personally participated in the alleged constitutional violation. See, e.g., Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). Indeed, there is no vicarious liability for constitutional claims against individual government actors: "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677.

Plaintiff should not include argument in his amended complaint. Citations of case law and statutes generally are not appropriate in a complaint, but rather are included at later stages

of litigation, including a motion to dismiss, motion for summary judgment, or at the time of trial. Importantly, Plaintiff should not attempt to use legal jargon in his fact section—it is unnecessary; nor should he assert all capital letters in portions of the fact section.

Finally, Plaintiff should note that an amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. Krinks v. SunTrust Banks, Inc., 654 F.3d 1194, 1201 (11th Cir. 2011). Thus, Plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the initial complaint. Additionally, any affidavits, supporting documents, and/or supplements should be included with the amended complaint and marked as exhibits.

Accordingly, within **FOURTEEN (14) DAYS** from the date on this Order, should he wish to do so, Plaintiff may file an amended complaint that comports with the strictures of this Order. The complaint must be captioned "Amended Complaint," and bear the same docket number as this Order. After completing his amended complaint, Plaintiff must mail it to the Court <u>with a copy for each defendant</u>. Plaintiff is advised that the amended complaint will completely replace the original complaint and will be subject to review under 28 U.S.C. § 1915(e)(2)(B). If Plaintiff does not file an amended complaint within this time period or if the amended complaint does not comply with this Order, the amended complaint

will be dismissed without prejudice and the case will be closed. The **Clerk of Court** is directed to provide Plaintiff with a copy of the standard civil rights complaint form for incarcerated plaintiffs.

**DONE** and **ORDERED** in Fort Myers, Florida on this __25th__ day of April, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Randal Rosado
Encl: Civil Rights Complaint Packet